IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| LUCIEN S. BONCK,<br><br>Plaintiff,<br><br>vs.<br><br>ANN-MARIE McKITTRICK,<br><br>Defendant. | Cause No. CV 11-37-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Currently pending are Plaintiff Lucien Bonck's Motion for Leave to Proceed in Forma Pauperis (*Court Doc. 1*) and proposed Complaint (*Court Doc. 2*). The review mandated by 42 U.S.C. § 1915 reveals that the only named Defendant is entitled to prosecutorial immunity and the claims are barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, the motion to proceed in forma pauperis will be granted and the Complaint recommended for dismissal.

# I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties.  This action presents a controversy over whether Defendant, acting under color of state law, violated Bonck's federal constitutional rights thereby subjecting Defendant to liability under 42 U.S.C. § 1983.  Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.  Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Bonck submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Bonck is required to pay the statutory filing fee for this action of $350.00.  Bonck has insufficient funds to pay an initial partial filing fee but he will be required to make

monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered by the Court. See 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Bonck will be directed to forward payments from Bonck's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF THE CASE

### A. Parties

Bonck is a prisoner incarcerated in Billings, Montana. The named Defendant is Deputy County Attorney Ann-Marie McKittrick.

### B. Allegations

Bonck contends his right to a fair trial was violated. He alleges that on March 30, 2009, Deputy County Attorney McKittrick filed a notice of intent to use 404(b) evidence of other crimes or wrongful acts in his state criminal case. He alleges that in that motion, McKittrick incorrectly indicated that Bonck had been previously charged with child-molestation and sexual assault in Louisiana and Wyoming. Bonck

contends that as a result of these false representations the motion was granted, the evidence was allowed and it helped in getting a guilty plea and verdict. (*Court Doc. 2, pp. 5, 8-9*). Bonck also alleges McKittrick tampered with and fabricated a transcript of an interview with a victim which also helped in obtaining his guilty plea/verdict. (*Court Doc. 2, pp. 10-11*).

Bonck seeks $1.5 million for each year he has spent in jail. He also wants a new trial and for McKittrick to be brought up for disciplinary action.

## IV. PRESCREENING

### A. Standard

As Bonck is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have

been paid, the court shall dismiss the case at any time if the court

determines that . . . (B) the action or appeal-(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such

relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a

complaint before it is served upon the defendants if it is "frivolous" or

"fails to state a claim upon which relief may be granted." A complaint is

frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke

v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d

338 (1989). A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to

relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955,

1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement

demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544. A complaint must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief

will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.' " <u>Erickson</u>, 127 S.Ct. at 2200; <u>Cf</u>. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez</u>, 203 F.3d. at 1127 (quoting <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980)).

## B. Analysis

### 1. Prosecutorial Immunity

A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase

of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler, 424 U.S. at 431. Absolute immunity protects a prosecutor's activities unless the prosecutor steps outside their role as an advocate, such as acting as a complaining witness. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (prosecutor's act of personally certifying truthfulness of statements in an application for an arrest warrant not protected by absolute immunity). Bonck's allegations against McKittrick stem from her filing a motion in a criminal proceeding, an activity intimately associated with the judicial phase of the criminal process. Nothing in Bonck's allegations suggest McKittrick stepped out of her role as an attorney for the County. See Kalina, 522 U.S. 118; Imbler, 424 U.S. at 430. Therefore, Defendant McKittrick is entitled to absolute prosecutorial immunity.


### 2. Heck Doctrine

Bonck's Complaint also is barred by the doctrine set forth in Heck

v. Humphrey, 512 U.S. 477, 486-87 (1994), in which the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. Heck, 512 U.S. 486-87.

The Court assumes Bonck has been convicted because he references both a guilty plea and a guilty verdict in his Complaint. (*Court Doc. 2, p. 6*). There is no indication that Bonck's conviction has been reversed, declared invalid, expunged, or called into question. In fact, Bonck seeks a new trial in the relief section of his Complaint. (*Court Doc. 2, p. 6*). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release...." Heck, 512 U.S. 481. Thus, Bonck has failed to state a claim upon which relief may be granted.

## V. CONCLUSION

### A. Leave to Amend

For the reasons set forth above, Bonck's Complaint fails to state a claim upon which relief may be granted. The defects discussed above could not be cured by the allegation of other facts. As such, Bonck's Complaint should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Bonck's Complaint fails to state a claim upon which relief may be granted. In addition, this is the second lawsuit Bonck has filed against McKittrick and the second time Bonck's case has been dismissed based upon prosecutorial immunity. (See Civil Action No. 09-CV-00045-BLG-RFC-CSO). While the term "malicious" has not been specifically defined by case law several courts have found that irresponsible or harassing litigation can be construed as malicious. See Crisafi v. Holland, 655 F.2d 1309 (D.C.Cir. 1981); Van Meter v. Morgan, 518 F.2d 366 (8th Cir.

1975); <u>Duhart v. Carlson</u>, 469 F.2d 471 (10th Cir. 1972).  Given that

Bonck filed a second lawsuit against an individual he knows is

protected by prosecutorial immunity, the Court also finds that the filing

of this case is malicious.

Therefore, the Court should designate this case as Bonck's second

"strike" under 28 U.S.C. § 1915(g).

### C.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in
> the district-court action, or who was determined to be
> financially unable to obtain an adequate defense in a
> criminal case, may proceed on appeal in forma pauperis
> without further authorization, unless:
> (A) the district court-before or after the notice of appeal is
> filed-certifies that the appeal is not taken in good faith or
> finds that the party is not otherwise entitled to proceed in
> forma pauperis and states in writing its reasons for the
> certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not

be taken in forma pauperis if the trial court certifies in writing that it is

not taken in good faith."  The good faith standard is an objective one.

See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Bonck's failure to state a claim is so clear that no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Bonck SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Bonck has been released from custody, the notice should so indicate.  The notice shall

not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Bonck's Motion to Proceed in forma pauperis (*Court Doc. 1*) is granted.  The Clerk shall file the Complaint without prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on April 14, 2011.

Further, the Court issues the following:

## RECOMMENDATION

1.  Bonck's Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the filing is malicious and Bonck failed to state a claim upon which relief may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Bonck may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would

otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of April, 2010.

/s/     *Carolyn S. Ostby*
United States Magistrate Judge